ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

**JUDGE BRIEANT**

**07 CV 3541**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EUGENIUSZ POTOCZNY on behalf of himself and on behalf
of all others similarly situated,

                              Plaintiff,

                             -against-

ZEKE PROROKOVIC PAINTING, INC. and ZIVKO
PROROKOVIC

                              Defendants
------------------------------------------------------------------X

Docket No.:

**FLSA COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff, Eugeniusz Potoczny ("Potoczny"), on behalf of himself and on behalf of all others similarly situated by his attorneys, Robert Wisniewski P.C., as and for his Complaint against the Defendants Zeke Prorokovic Painting, Inc. ("Zeke", or the "Corporate Defendant") and Zivko Prorokovic ("Prorokovic", or the "Individual Defendant") states as follows:

### NATURE OF THE ACTION

2. Plaintiff, on behalf of himself and on behalf of all others similarly situated (See **Exhibit 1**) brings this action to recover unpaid wages, unpaid overtime wages,

-1-

*ELECTRONICALLY FILED*
DOC #: _____
DATE FILED: _____

liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the New York Minimum Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA").

3. The Individual Defendant is the officer, shareholder, manager and/or majority owner of the Corporate Defendant, which provides services in the area of general construction, pluming and heating within the tri-state area. Plaintiff has been employed by the Corporate Defendant as laborer, who regularly worked over 40 hours per week, but was not compensated properly for the hours he worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff, at all relevant times herein, was and is a resident of the State of New York, County of Westchester.

5. The Corporate Defendant at all relevant times herein, was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business within the State of New York.

6. The Individual Defendant at all relevant times herein was and still is a resident of the State of New York, County of Westchester.

7. The Individual Defendant is the officer, director, manager and/or majority shareholder or owner of the Corporate Defendant. Under the New York Business Corporation Law, the Individual Defendant is an individual responsible for the unpaid wages. (See **Exhibit 2**).

8. This Court has subject matter jurisdiction over this action pursuant to 28

USC §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

10. This Court has personal jurisdiction over the Corporate Defendant and the Individual Defendant in that all Defendants are the citizens and residents of the State of New York.

11. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

12. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

13. Plaintiff has been an employee of the Corporate Defendant during the six years immediately preceding the initiation of this action and has performed labor and services as laborer, as defined by the FLSA and the NYMWA and regulations promulgated by the Department of Labor's Wage and Hour Division, but Plaintiff has not received the compensation required by the FLSA, the NYMWA and/or the common law of the State of New York.

14. The Corporate Defendant is engaged in provision of goods and services relating to the general construction, plumbing and heating.

15. Plaintiff Potoczny was employed by the Corporate Defendant from approximately 1995 until about October 15, 2006.

16. Plaintiff regularly worked at least 40 hours per week but was not paid for all the time he worked for the Corporate Defendant.

17. Plaintiff regularly worked in excess of 40 hours per week but was not paid the proper overtime rate under Federal and New York State law.

18. At all times herein, Defendant Zeke Prorokovic Painting, Inc. was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 68 Winding Woods Road South, Rye Brook, New York 10573.

19. That at all times herein, the Corporate Defendant transacted and still transacts substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

20. Plaintiff was a person covered by, and/or intended to benefit from, the provisions of New York Labor Law, the Fair Labor Standards Act and all wage orders promulgated under both the state and federal law, in respect to his work on the projects for which he provided labor.

21. At all times herein, the Individual Defendant was and still is the owner, director, officer, manager, employee and/or agent of the Corporate Defendant.

22. At all times herein, the Individual Defendant has conducted business as the

Corporate Defendant.

23. At all times relevant herein, the Individual Defendant has acted for and on behalf of the Corporate Defendant, with the power and authority vested in him as an officer, agent and employee of the Corporate Defendant, and has acted in the course and scope of his duties and functions as an agent, employee and officer of the Corporate Defendant.

24. At all times relevant herein, the Individual Defendant has directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiff and others or by virtue of his position with the Corporate Defendant has been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendant.

25. The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

26. The Individual Defendant has willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of his positions as controlling owner, shareholder, director, officer and/or manager of Corporate Defendant, has assumed personal liability for the claims of the Plaintiff herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants as laborers and performed work, labor and services but did not receive the compensation required by the FLSA, other provisions of

the Federal Labor Law, including wage orders promulgated thereunder.

28.     Upon information and belief, this class of persons consists of not less than Twenty-Five (25) persons, and the class is numerous, such that the FLSA collective action is mandated.

29.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiffs by the Defendants is subject to the jurisdiction and the wage, prevailing wage and overtime requirements of the FLSA. Only the amount of individual damages sustained by each class member will vary.

30.     The claims of the named Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants in that Plaintiff and others similarly situated suffered from the same policy of Defendants: failure to pay for all hours worked and failure to pay at the overtime rate for work in excess of 40 hours a week.

31.     A collective action under the Fair Labor Standards Act section 216 (b) is is superior to other available methods for the fair and efficient adjudication of the controversy.

32.     The named Plaintiff brings the third claim for relief herein on behalf of himself individually and all persons similarly situated as a collective action pursuant to Fair Labor Standards Act, in respect to all claims that the named Plaintiff and all persons similarly situated have against Defendants as a result of the Defendants' violations under the FLSA, the Labor Law, other provisions of the Federal Labor Law and the common

law of the State of New York.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

33. Plaintiff repeats and realleges each and every allegation as previously set forth.

34. Plaintiff and all others similarly situated agreed to perform work and services as laborers for the Defendants and were entitled to wages they rightfully earned while working for the Defendants.

35. Plaintiff and all others similarly situated supplied labor in connection with and in furtherance of the work required by the Defendants and have not breached the agreement.

36. The Individual Defendant and the Corporate Defendant violated the employee contract between the Corporate Defendant and the Plaintiff and all others similarly situated, depriving the Plaintiff and all others similarly situated of wages they rightfully earned while working for the Defendants.

37. The Corporate Defendant knowingly and willfully failed or refused to pay Plaintiff and all others similarly situated for regular and overtime hours of work performed by Plaintiff and all others similarly situated for the Defendants.

38. The Corporate Defendant's failure or refusal to pay Plaintiff and all others similarly situated all wages and wage supplements constitutes a material breach of the Corporate Defendant's contract with Plaintiff and all others similarly situated.

39. That by virtue of the foregoing breach of contract by the Defendants,

Plaintiff and all others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff and all others similarly situated should have been paid, less amounts actually paid to Plaintiff and all others similarly situated, together with an award of interest, costs, disbursements and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(NYMWA)**

40. Plaintiff repeats each and every allegation previously made herein.

41. Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law § 198 and the Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-143, Plaintiff and all others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally failed to pay in violation of such laws.

42. Wherefore the named Plaintiff, on behalf of himself and the within described class of other similarly situated persons on this second claim for relief, seeks a judgment against all Defendants for all wages which should have been paid, but were not paid, to the named Plaintiff and such class members pursuant to the NYMWA and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to Plaintiff, along with an award of attorneys' fees, interest and costs as provided under the NYMWA and Labor Law § 198 and § 663.

**THIRD CLAIM FOR RELIEF**
**(FLSA)**

43. Plaintiff repeats and realleges each and every allegation previously set

forth herein.

44. The named Plaintiff brings this claim for relief on behalf of himself and all others similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216 (b), and upon information and belief there are numerous such similarly situated persons. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, Plaintiff was entitled to a minimum wage and an overtime hourly wage of time and one-half his regular hourly wage for all hours worked in excess of forty hours per week.

45. The named Plaintiff and all others similarly situated persons who consent in writing to join this action worked more than forty hours per week for Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

46. The named Plaintiff on behalf of himself and all others similarly situated persons who consent in writing to join this action, seek on this third claim for relief, a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## FOURTH CLAIM FOR RELIEF
### (Wrongful Termination)

47. Plaintiff repeats and realleges each and every allegation previously set forth herein.

48. On or about October 15, 2006, Plaintiff was wrongfully terminated

because on numerous occasions demanded that Defendant Prorokovic pay him his wages due and owing.

49. Wherefore, Plaintiff seeks back pay for the period from October 15, 2006 until the present day.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against the Defendants as follows:

1. Compensatory damages in an amount to be determined at trial, together with interest;

2. Back pay for the period from October 15, 2006 until the present day;

3. Liquidated damages pursuant to the FLSA and NYMWA

4. Plaintiff's costs and reasonable attorneys' fees;

Together with such other and further relief that the Court deems just.

Dated:  New York, New York
        April 25, 2007

                            ROBERT WISNIEWSKI P.C.

                            By: _____
                                Robert Wisniewski
                                Attorneys for Plaintiff
                                225 Broadway, Suite 612
                                New York, New York 10007
                                (212) 267-2101

To:
Zeke Prorokovic Painting, Inc.

68 Winding Woods Road South
Rye Brook, NY 10573

Zivko Prorokovic
68 Winding Woods Road South
Rye Brook, NY 10573

Zivko Prorokovic
10 Edgar Place
Port Chester, NY 10573

cc:
NY State Attorney General Andrew M. Cuomo

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
EUGENIUSZ POTOCZNY on behalf of himself and on behalf
of all others similarly situated,

                                      Plaintiff,

                                -against-

ZEKE PROROKOVIV PAINTING, INC. and ZIVKO
PROROKOVIC

                                    Defendants
-------------------------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of others similarly situated and to make decisions on my behalf and on behalf of others similarly situated concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit.

*EUGENIUSZ POTOCZNY*
Print Name

*Eugeniusz Potoczny*
Sign Name

*280 LOCUST AVE.*
Address

*03/31/07*
Date

*PORT CHESTER, N.Y. 10573*
Address

*(914) 934-1842*
Telephone

TO:
                                    ROBERT WISNIEWSKI P.C.
                                        Attorneys at Law
                        225 Broadway, Suite 612 New York, NY 10007
                                        (212) 267-2101

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:   ZEKE PROROKOVIC PAINTING, INC.
and the officers thereof:
68 Winding Woods Road South
Rye Brook, NY 10573

PLEASE TAKE NOTICE, that EUGENIUSZ POTOCZNY and others similarly situated as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
April 27, 2007

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   ZIVKO PROROKOVIC

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that EUGENIUSZ POTOCZNY and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of ZEKE PROROKOVIC PAINTING, INC. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
April 27, 2007

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101